```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WESLEY JONES,
                                              ORDER
                    Plaintiff,           11-CV-3713(JS)(ARL)

        -against-

VINCENT F. DEMARCO, and T. HENNESSY,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Wesley Jones, pro se
                   08A6595
                   Hale Creek A.S.A.T.C.A.
                   P.O. Box 950
                   Johnstown, NY 12095

For Defendants:    Arlene S. Zwilling, Esq.
                   Suffolk County Attorney's Office
                   P.O. Box 6100
                   H. Lee Dennison Building, Fifth Floor
                   100 Veterans Memorial Highway
                   Hauppauge, NY 11788
```

SEYBERT, District Judge:

Presently pending before the Court is pro se Plaintiff Wesley Jones' motion for a default judgment. For the reasons that follow, his motion is DENIED.

## DISCUSSION

Plaintiff commenced this action pro se on July 27, 2011 against Vincent DeMarco, as Sheriff of Suffolk County, and against T. Hennessy, as the Warden of the Suffolk County jails ("Defendants") and simultaneously applied for in forma pauperis status ("IFP"). (Docket Entry 1.) On August 19, 2011, the

Court granted IFP and ordered service of the Complaint by the U.S. Marshals without the prepayment of the filing fee. (Docket Entry 4.) Before Defendants answered or otherwise appeared in the action, Plaintiff filed an Amended Complaint as a matter of right. (Docket Entry 8.) Summons was issued on October 24, 2011, and the Amended Complaint was forwarded to the U.S. Marshals for service on the Defendants. On November 14, 2011, Plaintiff moved for an entry of default and a default judgment. (Docket Entry 12.) The Clerk of the Court refused to note the default, however, because on November 15, 2011, Defendants filed a motion to consolidate the above-captioned case with other cases pending before the undersigned. (Docket Entries 11, 13.)

For the same reason, the Court DENIES Plaintiff's motion for a default judgment. Although Defendants did not answer or file a motion to dismiss within twenty-one days of being served with the Summons and Amended Complaint, see FED. R. CIV. P. 12, counsel appeared on Defendants' behalf and filed a motion to consolidate. Thus, a default judgment is not warranted at this time. See Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 174 (2d Cir. 2001) ("It is well established that

default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits.").[1]

CONCLUSION

Plaintiff's motion for default judgment is DENIED, and Defendants' time to answer the Amended Complaint is extended to seven (7) days after the motion to consolidate is decided.

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December __8__, 2011
Central Islip, NY

---

[11] The Court also notes that the Clerk's notation of default is a prerequisite to the entry of a default judgment. See Fed. R. Civ. P. 55.

3